

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARK W. DOBRONSKI,**
an individual,

                    Plaintiff,

v.

**ROCKET MORTGAGE, LLC,**
a Michigan limited liability company,

                    Defendant.

Case: 4:25-cv-12798
Assigned To : Behm, F. Kay
Referral Judge: Altman, Kimberly G.
Assign. Date : 9/5/2025
Description: CMP MARK W DOBRONSKI V
ROCKET MORGAGE LLC (LLH)

## VERIFIED COMPLAINT

NOW COMES the Plaintiff MARK W. DOBRONSKI, appearing *in propria persona*, and for his complaint against Defendant ROCKET MORTGAGE, LLC, alleges:

1.     This is a consumer rights case under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. § 445.101, *et seq.*

### Parties

2.     Plaintiff is an individual, of the age of majority, a citizen of the United States of America, has a domicile and place of business in Orange County, Florida, has a residence and place of business in Washtenaw County, Michigan, and has a place of

1

business in Wayne County, Michigan.

3.      Defendant ROCKET MORTGAGE, LLC ("Rocket") is a limited liability company organized and existing under the laws of the State of Michigan, with its principal office located at 1050 Woodward Avenue, Detroit, Wayne County, Michigan 48226-1906.

4.      Defendant Rocket does business under the assumed name Rocket Mortgage.

## Jurisdiction

5.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

6.      This Court has general personal jurisdiction over Defendant Rhodes, pursuant to M.C.L. § 600.701, as a result of: the individual having presence in this state at the time when process was served; and/or, the individual having domicile in this state at the time when process was served.

7.      This Court has general personal jurisdiction over Defendant Rocket, pursuant to M.C.L. § 600.715, as a result of the defendant: being incorporated under the laws of this state; and/or, carrying on of a continuous and systematic part of its general business within the state.

## Venue

8.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2), as the

tortious or illegal telephone calls complained of herein were received by Plaintiff in this judicial district, to wit: at Plaintiff's residence in Washtenaw County, Michigan.

Preliminary Statement

9.      As the Supreme Court recently explained, "Americans passionately disagree amount many things.  But they are largely united in their disdain for robocalls." *Barr v. American Association of Political Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

10.     The Federal Government receives a staggering number of complaints about robocalls – 3.7 million complaints in 2019 alone. *Id.*

11.     In response to widespread public outrage over intrusive telemarketing calls to homes and businesses, the United States Congress acted to prevent persons, like Defendant, from invading American citizen's privacy and to prevent abusive "robo-calls" by enacting the TCPA.

12.     According to the Federal Communications Commission ("FCC"), "unwanted calls and texts are the number one complaint to the FCC."

13.     In regard to such telephone solicitations, Senator Hollings of South Carolina, the primary sponsor of the TCPA, explained, "computerized calls are the scourge of modern civilization.  They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall . . . these computerized telephone calls

3

threaten our personal safety . . . These machines are out of control, and their use is growing by 30 percent every year.  It is telephone terrorism, and it has got to stop...." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd. 17459, 17474, fn. 90, 2002 WL 31083949 (2002), quoting 137 Cong. Rec. 30,821-30,822 (Nov. 7, 1991).

14. According to YouMail, Inc., a company which tracks robocall activity and publishes the YouMail Robocall Index, during calendar year 2023 alone, American consumers were bombarded with over 55.05 *billion* robocalls; an average of over 165 robocalls to each and every man, woman, and child. [Source: www.robocallindex.com].

15. In 2021, nearly 1 in 3 Americans say they have fallen victim to a phone scam in the past year, with reported losses to phone scams exceeding $29.8 Billion. [Source: www.cndb.com/2021/06/29/americans-list-billions-of-dollars-to-phone-scams-over-the-past-year.html ].

16. Congress has found that interstate telemarketing fraud has become a problem of such magnitude that the resources of the Government are not sufficient to ensure adequate consumer protection from such fraud.

17. As a result, in enacting the TCPA, Congress intentionally created a legally enforceable bounty system, not unlike *qui tam* statutes, to incentivize the assistance of aggrieved private citizens to act as "private attorneys general" in enforcing federal law.

4

Telephone Consumer Protection Act

18.     In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse.* Congress found that these calls were not only a nuisance and invasion of privacy to consumers specifically, but were also a threat to interstate commence generally. *See* S. Rep. No. 102-178, at 2-3, 1991 U.S.C.C.A.N. 1968, 1969-71, 1991 WL 211220 (1991).

19.     The TCPA imposes restrictions on the use of automated telephone equipment.  47 U.S.C. § 227(b)(1).

20.     Pursuant to authority delegated by Congress to the FCC under the TCPA at 47 U.S.C. § 227(b)(2), the FCC has adopted regulations to implement the aforesaid restrictions on use of automated telephone equipment. The TCPA implementing regulations are promulgated at 47 C.F.R. § 64.1200(a), *et seq.*

21.     As part of the restrictions on use of automated telephone equipment, Congress created a private right of action for aggrieved persons to received $500.00 in damages for *each* violation of the subsection of the statute or the regulations prescribed thereunder, which amount the court may treble if the court finds that the defendant willfully or knowingly violated the statute or the regulations. 47 U.S.C. § 227(b)(3).

22.     Additionally, the Congress also sought to protect subscriber privacy rights, and directed the FCC to initiate a rulemaking proceeding to compare and

evaluate alternative methods and procedures, and to develop proposed regulations to implement the methods and procedures that the FCC determines are most efficient to accomplish the need to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 C.F.R. § 227(c)(1). The FCC conducted such a rulemaking and implemented regulations to protect telephone subscribers' privacy rights. See *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 68 FR 44144, 2003 WL 21713245 (July 25, 2003).

23.     As part of the protection of subscriber privacy rights, Congress created a private right of action for aggrieved persons to receive $500.00 in damages for *each* violation of the subsection of the statute or the regulations prescribed thereunder, which amount the court may treble if the court finds that the defendant willfully or knowingly violated the statute or the regulations. 47 U.S.C. § 227(c)(5).

<u>Michigan Home Solicitation Sales Act</u>

24.     The Michigan Legislature has also enacted statutes governing and restricting telephone solicitors from making or causing to be made a telephone solicitation to a residential telephone subscriber. The restrictions include a prohibition on telephone solicitations using in whole or in part a recorded message. M.C.L. § 445.111(a)(1). A telephone solicitor shall not make a telephone solicitation to a residential telephone subscriber whose name and residential telephone number appears

6

on the national do-not-call list.  M.C.L. § 445.111(a)(4).  Telephone solicitors must properly identify themselves and their organization.  M.C.L. § 445.111b(1) and (2). Telephone solicitors may not block or otherwise interfere with the caller ID function of the telephone. M.C.L. § 445.111b(3).  Further, telephone solicitors may not engage in specified unfair or deceptive acts or practices as set forth in the act.  M.C.L. § 445.111c.

25.     The MHSSA provides that a person who suffers a loss as a result of violation of the MHSSA may bring an action to recover actual damages or $250.00, together with reasonable attorney fees.  M.C.L. § 445.111c(3).

General Allegations

26.     Plaintiff's residential and cellular telephone lines have been besieged with telemarketing calls hawking such things as alarm systems, Google listings, automobile warranties, health insurance, life insurance, credit cards, and even financial miracles from God.  Some calls are blatant scams, including calls purportedly from the Social Security Administration, the U.S. Drug Enforcement Administration, and other government agencies, some claiming that arrest warrants have been issued against Plaintiff for alleged drug trafficking and money laundering activities.

27.     Plaintiff's residential telephone number is 734-***-*212.

28.     Plaintiff's residential telephone number 734-***-*212 is a telephone number for which the service is charged on a per call and per minute basis.

29.     Plaintiff's residential telephone number 734-***-*212 is listed on the National Do Not Call Registry maintained by the United States Federal Trade Commission pursuant to 16 C.F.R. Part 310 and has been so listed continuously since at least June 29, 2003, and at all times subsequent thereto and relevant hereto.

30.     Plaintiff uses his residential telephone number 734-***-*212 primarily for personal, family, and household communications, and not for business purposes.

31.     By listing his residential telephone number on the National Do Not Call Registry, Plaintiff has given constructive notice to the World, including the Defendants, that Plaintiff does not wish to receive telephone solicitations or robocalls at his residential telephone number.

32.     Plaintiff's residential telephone services are provided via Voice Over Internet Protocol ("VOIP") technology and interconnect with the public switched telephone network via a broadband Internet connection instead of a conventional telephone line, which allows Plaintiff the ability to answer calls at the residence he is staying at. In the instances of the illegal telemarketing calls alleged in this Complaint, the calls were received by Plaintiff while he was at his residence located in Washtenaw County, Michigan.

33.     Courts are legally bound to give great deference to the FCC's interpretations of the TCPA and its own regulations. *FCC v. WNCN Listeners Guild*, 450 U.S. 582, 598, 101 S.Ct. 1266, 1276, 67 L.Ed.2d 521 (1981) ("the construction of

a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong . . .").

34.     The FCC has issued a declaratory ruling defining "called party" as "the subscriber, i.e., the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan." *In the Matter of Rules and Regulations Implementing the TCPA*, 30 FCC Rcd. 7961, 8000-8001, 2015 WL 4387780, at *26, ¶ 73 (2015).

35.     Plaintiff is the customary user of the called telephone line, is the one that was the actual recipient of the telephone calls at issue in this complaint, and suffered the nuisance and invasion of privacy of same. Thus, Plaintiff has standing to bring this action for alleged violations of TCPA's provisions. *Leyse v. Bank of America Nat. Ass'n*, 804 F.3d 316, 324 (3rd Cir., 2015).

36.     At no time relevant hereto has Plaintiff or any other authorized person requested, consented, permitted, or authorized the contact from the Defendants.

37.     At no time has Plaintiff provided permission to the Defendants to engage in telephone solicitation with the Plaintiff via telephone.

38.     At no time has Plaintiff provided "prior express consent" or "prior express written consent" (as those terms are defined under the TCPA and as interpreted by the FCC) for any of the Defendants or anyone acting on behalf of the Defendants to initiate any telephone call that includes or introduces an advertisement or constitutes

9

telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to Plaintiff's cellular telephone number.

39.    At no time has Plaintiff had an "established business relationship" (as that term is defined under the TCPA and as interpreted by the FCC) with the Defendants.

40.    The FCC has declared that a necessary element for a person to provide "consent" is that the person must knowingly and voluntarily provide the telephone number at which they are authorizing telemarketing calls to be received at.  For example, capturing a caller's telephone number by a Caller ID or ANI device cannot be considered consent to receive telemarketing calls. *In the Matter of Rules and Regulations Implementing the TCPA*, 7 FCC Rcd. 8752, 8769, 1992 WL 690928, at *11, ¶ 31 (1992).

41.    The FCC has further declared that persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, if the caller is making calls within the scope of the consent given, and absent instructions to the contrary.  *In the Matter of Rules and Regulations Implementing the TCPA*, 30 FCC Rcd. 7961, 8028, 2015 WL 4387780, at *47, ¶ 141 (2015).

42.    At no time has Plaintiff released his phone number to any of the Defendants in order to have given invitation or permission to be called at that number

for any telephone call that includes or introduces an advertisement or constitutes telemarketing, or any call using an automatic telephone dialing system or an artificial or prerecorded voice.

43. Similarly, for purposes of an "established business relationship," the FCC has declared that a consumer inquiry cannot be considered to create a business relationship where the consumer's number has been captured absent that consumer's express invitation or permission to be contacted at the captured number. *In the Matter of Rules and Regulations Implementing the TCPA*, 7 FCC Rcd. 8752, 8771, 1992 WL 690928, at *13, n. 67 (1992).

44. Consent cannot be "presumed." The TCPA and the Commission's rules plainly require express consent, not implied or "presumed" consent. *In re Rules and Regulations Implementing the TCPA*, 30 FCC Rcd. 7961, 7991, 2015 WL 4387780, at *20, ¶ 52 (2015).

45. The TCPA places no affirmative obligation on a called party to opt out of calls to which he or she never consented; the TCPA places responsibility on the caller alone to ensure that he or she has valid consent for each call made. *In re Rules and Regulations Implementing the TCPA*, 30 FCC Rcd. 7961, 8004, 2015 WL 4387780, at *29, ¶ 81 (2015).

46. The FCC has declared that "[p]urporting to obtain consent during the call... does not constitute the *prior* consent necessary to deliver the message in the first

place as the request... is part of the telemarketing." *In re Rules and Regulations Implementing the TCPA*, 18 FCC Rcd. 14014, 14019, 2003 WL 21517853, at *49, ¶ 142 (2003) [Emphasis as in original].

47.    Pursuant to 47 U.S.C. § 217, the act, omission, or failure of any officer, agent, or other person acting for or employed by an common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that of the person.

48.    For each and every call alleged herein initiated to Plaintiff's telephone line, Plaintiff suffered the injury of invasion of privacy and intrusion on Plaintiff's right of seclusion.

49.    For each and every call alleged herein initiated to Plaintiff's telephone line, Plaintiff suffered the injury of the occupation of the telephone line by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls, including emergency calls, when the telephone line was seized by Defendants' calls.

50.    For each and every call alleged herein initiated to Plaintiff's telephone line, Defendants caused an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features on Plaintiff's telephone, which features are designed to

inform the user of important missed communications.

51.     Each and every call placed without consent by Defendants alleged herein to Plaintiff's telephone lines resulted in the injury of a trespass to Plaintiff's chattel, namely Plaintiff's telephone line and its telephone services.

52.     For purposes of the TCPA, the FCC has defined "willfully or knowingly" to mean that the violator knew that he was doing the act in question, in this case, initiating a telephone solicitation, irrespective  of any intent to violate the law.  A violator need not know that his action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance.

The Scheme

53.     Upon information and belief, the scheme works as follows.

54.     Rocket is a mortgage lender.

55.     Rocket utilizes telemarketing as a cost effective way of reaching out to thousands and upon thousands of consumers who potentially have need for either a mortgage to purchase real property or to refinance a mortgage on real property.

56.     Rocket initiates telephone calls *en masse* using automated telephone dialing systems which have the capacity to store or produce telephone numbers to be called using a random or sequential number generator to dial such numbers, to solicit consumers.

57.     Rocket inputs lists of names and telephone numbers of consumers into

their automated telephone dialing system, and the automated system will then, using

the random or sequential number generator, select numbers from the lists and dials

then, and then dials the consumers' telephone numbers.

58.     The automated system detects when a called telephone number   is

answered by a consumer and then will automatically connect the call to a Rocket

representative, and by doing so conserves on the number of Rocket representatives that

would otherwise be needed to remain idle while waiting for consumers to come onto

the line.

### The Calls

59.     On the following dates and times, Rocket or Rocket's agent initiated

telephone calls to Plaintiff's telephone number 734-***-*212, using an automatic

telephone dialing system, for the purpose of telemarketing, and there being no

emergency:

| Call | Date | Time | Call | Date | Time |
|---|---|---|---|---|---|
| 1 | 08/22/2025 | 2:51 P.M. | 11 | 08/14/2025 | 10:11 A.M. |
| 2 | 08/11/2025 | 4:56 P.M. | 12 | 08/14/2025 | 1:03 P.M. |
| 3 | 08/12/2025 | 9:31 A.M. | 13 | 08/14/2025 | 3:25 P.M. |
| 4 | 08/12/2025 | 12:04 P.M. | 14 | 08/15/2025 | 10:33 A.M. |
| 5 | 08/12/2025 | 2:21 P.M. | 15 | 08/15/2025 | 1:11 P.M. |
| 6 | 08/12/2025 | 4:31 P.M. | 16 | 08/15/2025 | 4:22 P.M. |
| 7 | 08/13/2025 | 9:43 A.M. | 17 | 08/18/2025 | 10:47 A.M. |
| 8 | 08/13/2025 | 12:34 P.M. | 18 | 08/18/2025 | 5:18 P.M. |
| 9 | 08/13/2025 | 2:45 P.M. | 19 | 08/19/2025 | 10:18 A.M. |
| 10 | 08/13/2025 | 4:58 P.M. | 20 | 08/19/2025 | 5:29 P.M. |

60.     For each of Calls 1 through 20, *supra*, the inbound call displayed a caller

14

identification number of 800-926-6944, with no caller identification name information.

61.     For each of Calls 1 through 20, *supra*, the inbound call rang once and immediately terminated before Plaintiff could answer the telephone.

Investigation

62.     Subsequently, Plaintiff called the telephone number displayed in the caller identification, to wit: 800-926-6944.

63.     Upon Plaintiff calling the telephone number, Plaintiff received a recorded message identifying as Rocket Mortgage and directing the caller to press "1," "2," or "3" to speak to a live agent.

64.     Plaintiff pressed "1" and spoke to a live agent identifying himself as Blake with Rocket Mortgage.

65.     Plaintiff explained to Blake that Plaintiff had been receiving telephone calls from telephone number 800-926-6944 and was wondering why.

66.     Blake explained that his computer system showed him that Rocket had been attempting to contact Plaintiff to discuss his interest in mortgage refinancing.

67.     Plaintiff explained to Blake that his telephone number is on the National Do Not Call Registry, that Plaintiff was not interested in mortgage refinancing, and asked that Rocket not call Plaintiff's telephone number again.

**COUNT I**
**TCPA VIOLATION - 47 C.F.R. § 64.1200(a)(1)(iii)**

68.     Plaintiff incorporates the allegations of paragraphs 1 through 67, *supra*.

69.     A characteristic of the use of an automatic telephone dialing sstem is

15

frequent dropped calls, which is evidenced here by the calls repeatedly terminating after one ring.

70.    Each of Calls 1 through 20, *supra*, were in violation of the TCPA, and specifically 47 C.F.R. § 64.1200(a)(1)(iii), as Defendants or Defendants' agent initiated a telephone call, other than for emergency purposes and without the prior express consent of the called party, using an automatic telephone dialing system or an artificial or prerecorded voice, to a telephone number assigned to a service for which the called party is charged for the call.

71.    The aforesaid violations of the TCPA were willful and/or knowing as is evidenced by the repetitive number of calls and violations.

### COUNT II
### TCPA VIOLATION - 47 C.F.R. § 64.1200(a)(2)

72.    Plaintiff incorporates the allegations of paragraphs 1 through 67, *supra*.

73.    Each of Calls 1 through 20, *supra*, were in violation of the TCPA, and specifically 47 C.F.R. § 64.1200(a)(2), as Defendants or Defendants' agent initiated, or caused to be initiated, a telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to a telephone number assigned to a service for which the called party is charged for the call, and without the prior express written consent of the called party.

74.    The aforesaid violations of the TCPA were willful and/or knowing as is evidenced by the repetitive number of calls and violations.

16

## COUNT III
## TCPA VIOLATION - 47 C.F.R. § 64.1200(a)(6)

75.     Plaintiff incorporates the allegations of paragraphs 1 through 67, *supra*.

76.     Each of Calls 1 through 20, *supra*, were in violation of the TCPA, and specifically 47 C.F.R. § 64.1200(a)(6), as Defendants or Defendants' agent disconnected an unanswered telemarketing call prior to at least 15 seconds or four (4) rings.

77.     The aforesaid violations of the TCPA were willful and/or knowing as is evidenced by the repetitive number of calls and violations.

## COUNT IV
## TCPA VIOLATION - 47 C.F.R. § 64.1200(c)(2)

78.     Plaintiff incorporates the allegations of paragraphs 1 through 67, *supra*.

79.     Each of Calls 1 through 20, *supra*, were in violation of the TCPA, and specifically 47 C.F.R. § 64.1200(c)(2), as Defendants or Defendants' agent initiated a telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government and having not obtained the subscriber's prior express invitation or permission and not having a personal relationship with the recipient of the call.

80.     The aforesaid violations of the TCPA were willful and/or knowing as is evidenced by the repetitive number of calls and violations.

## COUNT V
## TCPA VIOLATION - 47 C.F.R. § 64.1601(e)

81.     Plaintiff incorporates the allegations of paragraphs 1 through 67, *supra*.

82.     Each of Calls 1 through 20, *supra*, were in violation of the TCPA, and specifically 47 C.F.R. § 64.1601(e), as Defendants or Defendants' agent initiated a telemarketing call but did not transmit caller identification information, including both the name of the telemarketer or seller of which the telemarketing call is placed and a telephone number which must permit any individual to make a do-not-call request during regular business hours.

83.     The aforesaid violations of the TCPA were willful and/or knowing as is evidenced by the repetitive number of calls and violations, as well is evidenced by the fact that Defendants or Defendants' agent had to take deliberate action to manipulate the caller identification information.

## COUNT VI
## MHSSA VIOLATION

84.     Plaintiff incorporates the allegations of paragraphs 1 through 67, *supra*.

85.     Each of Calls 1 through 20, *supra*, were in violation of the MHSSA, and specifically M.C.L. § 445.111a(5), as Defendants or Defendants' agent made a telephone solicitation to a residential telephone subscriber whose name and residential telephone number is on the then current version of the federal do-not-call list.

## PRAYER FOR RELIEF

WHEREFORE, the aforesaid premises considered, Plaintiff prays that this Court

enter a judgment for Plaintiff and against the Defendants, and each of them jointly and severally, as follows:

A.    Damages:

I.    Damages for violations of the TCPA alleged:

| Count | Violations |
|-------|------------|
| I | 20 |
| II | 20 |
| III | 20 |
| IV | 20 |
| V | 20 |

A total of 100 violations at $500.00 per violation, for damages of $50,000.00, which amount shall be trebled because the violations were willful and/or knowing, for total damages of $150,000.00.

ii.    Damages for violations of the MHSSA alleged at Count VI: 20 violations at $250.00 per violation, for damages of $5,000.00;

The cumulative total amount of damages claimed in this action is $155,000.00, and in the event of default judgment is the sum certain damages amount that will be sought.

B. An award of Plaintiff's taxable costs and disbursements incurred in the filing and prosecution of this action;

C.    An injunction enjoining Defendants and/or Defendants' agents from initiating any telephone calls to Plaintiff's telephone numbers.

D. Interest accruing from the date of filing until paid at the statutory rate; and,

E.    Such other and further relief as this Court deems necessary, reasonable,

prudent and proper under the circumstances.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

_Mark W. Dobronski_

Mark W. Dobronski

## DEMAND FOR JURY TRIAL

Plaintiff makes demand for a jury trial as to all the issues so triable.

Respectfully submitted,

_Mark W. Dobronski_

Dated: September 3, 2025

Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MARK W. DOBRONSKI | ROCKET MORTGAGE, LLC |

**(b)** County of Residence of First Listed Plaintiff   **Orange, FL**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Wayne, MI**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

PRO SE

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel &   ☐ 367 Health Care | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander   Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine   Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product   Liability | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | Liability | **LABOR** | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle   ☐ 370 Other Fraud | | **SOCIAL SECURITY** | ☐ 490 Cable Sat TV |
| ☐ 196 Franchise | Product Liability   ☐ 371 Truth in Lending | ☐ 720 Labor Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | ☐ 360 Other Personal   ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | Injury   Property Damage | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 362 Personal Injury -   ☐ 385 Property Damage | Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | Medical Malpractice   Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights   **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 442 Employment   ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 443 Housing/ Accommodations   ☐ 530 General | | | |
| | ☐ 445 Amer. w/Disabilities - Employment   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| |   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education   ☐ 550 Civil Rights | | | |
| |   ☐ 555 Prison Condition | | | |
| |   ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**47 U.S.C. 227**

Brief description of cause:
**Illegal telemarketing calls**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $ **155,000.00**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*   JUDGE _____   DOCKET NUMBER _____

DATE   September 3, 2025

SIGNATURE OF ATTORNEY OF RECORD   *Mark W Dobronski*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                        ■ No

     If yes, give the following information:

     Court: _____

     Case No.: _____

     Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other     ☐ Yes
            court, including state court? (Companion cases are matters in which  ■ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

     If yes, give the following information:

     Court: _____

     Case No.: _____

     Judge: _____


Notes :

**MARK W. DOBRONSKI**
POST OFFICE BOX 99
DEXTER, MICHIGAN 48130-0099
(734) 641-2300
markdobronski@yahoo.com

September 3, 2025

United States District Court
Attn: Clerk's Office
231 West Lafayette Boulevard, 5th Floor
Detroit, Michigan 48226-2700

Re:     NEW FILING
        Mark W. Dobronski v. Rocket Mortgage, LLC

Dear Sir or Madam:

Enclosed please find:

- Check number 1072, in the amount of $405.00, representing the filing fee required for the above-case;

- Civil Cover Sheet

- Summons; and,

- Verified Complaint

Please file the Complaint in your usual course and return the signed Summons to the attention of the undersigned.

Please ensure that Plaintiff's e-mail address (markdobronski@yahoo.com) is entered on the docket so that Plaintiff receives electronic notifications of filings.

Thank you for your attention to this matter.

Very truly yours,

Mark W. Dobronski

MWD/hp

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

**PRIORITY®
MAIL**

Retail

UNITED STATES
POSTAL SERVICE

US POSTAGE PAID
**$11.00**

Origin: 48130
09/03/25
2525100130-05

PRIORITY MAIL®

0 Lb 8.30 Oz

RDC 03

C052

EXPECTED DELIVERY DAY: 09/05/25

SHIP
TO:
231 W LAFAYETTE BLVD
DETROIT MI 48226-2700

USPS TRACKING® #

9505 5123 0483 8246 8003 87

FROM:

MARK W DOBRONSKI
PO BOX 99
DEXTER, MI 48130-0099

U.S. MARSHALS RECEIVED

SEP 05 2025

CLERK'S OFFICE
DETROIT

TO:

UNITED STATES DISTRICT COURT
ATTN: CLERK'S OFFICE
231 W LAFAYETTE BLVD FL 5
DETROIT, MI 48226-2700

To Schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

how2recycle.info

PAPER
POUCH