**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN**

|  |  |
|---|---|
| MARK W. DOBRONSKI,<br><br>*Plaintiff*,<br><br>v.<br><br>ROCKET MORTGAGE, LLC<br><br>*Defendant.* | Case No. 4:25-cv-12798-FKB-KGA<br><br>Hon. F. Kay Behm<br>U.S. District Judge<br><br>Hon. Kimberly G. Altman<br>U.S. Magistrate Judge<br><br>ORAL ARGUMENT REQUESTED |

**ROCKET MORTGAGE, LLC'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

i

**TABLE OF CONTENTS**

**Page**

I.    DOBRONSKI'S ATDS CLAIMS (COUNTS I & II) ARE INSUFFICIENT POST-*DUGUID*. ..................................................................................... 1

II.    THE FAC FAILS TO STATE A RECORDED CALL CLAIM (COUNTS III & XIV). ................................................................................................... 2

III.    DOBRONSKI'S DISCONNECTED CALL CLAIM (COUNT IV) SHOULD BE DISMISSED. .......................................................................................... 3

IV.    DOBRONSKI CANNOT SAVE HIS DNC CLAIMS (COUNTS IX, X & XI). .... 3

V.    THE FAC DOES NOT PLEAD A TELEPHONE SOLICITATION (COUNTS VIII & XIII). .................................................................................................... 4

VI.    VOIP TELEPHONE SUBSCRIBERS ARE NOT "RESIDENTIAL TELEPHONE SUBSCRIBERS" (COUNTS VIII, IX, X, XI & XIII). ................... 5

VII.    THE FAC FAILS TO STATE AN ABANDONED CALL CLAIM (COUNTS V, VI & VII). ............................................................................................... 6

VIII.    THE FAC FAILS TO STATE A CALLER ID CLAIM (COUNT XII). ................. 7

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Barry v. Ally Fin., Inc.*,
  2021 WL 2936636 (E.D. Mich. July 13, 2021) ..................................................1

*Callier v. GreenSky, Inc.*,
  2021 WL 2688622 (W.D. Tex. May 10, 2021) ..................................................6

*Charvat v. DFS Servs., LLC*,
  781 F. Supp. 2d 588 (S.D. Ohio 2011) .................................................4

*Dobronski v. Selectquote Ins. Servs.*,
  773 F. Supp. 3d 373 (E.D. Mich. 2025) ..............................................7

*Dobronski v. Selectquote Insurance Services*,
  2025 WL 904370 (E.D. Mich. Jan. 14, 2025) ......................................4

*Hines v. Volkswagen of America, Inc.*,
  265 Mich. App. 432 (2005) ...................................................5

*Lynn v. Monarch Recovery Management, Inc.*,
  953 F. Supp. 2d 612 (D. Md. 2013)...................................................5

*McDonough v. Anoka Cnty.*,
  799 F.3d 931 (8th Cir. 2015) ..............................................3

*McEwen v. Nat'l Rifle Ass'n of Am.*,
  2021 WL 1414273 (D. Me. Apr. 14, 2021) ........................................1

*Roberts v. PayPal, Inc.*,
  2013 WL 2384242 (N.D. Cal. May 30, 2013)......................................5

*U.S. v. Paulson*,
  68 F.4th 528 (9th Cir. 2023) ...................................................2

## Statutes & Regulations

47 C.F.R. § 64.1200(d) ...............................................................4

47 C.F.R. § 64.1200(f)(15)(i).........................................................4

47 C.F.R. § 64.1600 ....................................................................................................7

47 C.F.R. § 64.1601(e)(1) ..........................................................................................7

47 U.S.C. § 227(b)(1)(A)(iii) ......................................................................................5

M.C.L. § 484.125(8) ...............................................................................................2, 3

## Other Authorities

7 FCC Rcd. 8752 (1992) ..............................................................................................2

18 FCC Rcd. 14014 (2003) ..........................................................................................6

Plaintiff's Opposition relies heavily on rhetoric and non-binding case law, and fails to overcome Rocket Mortgage's dismissal arguments.

## I.      Dobronski's ATDS Claims (Counts I & II) are Insufficient Post-*Duguid*.

Dobronski cannot save his ATDS claims by referencing allegations of an employee disclosure regarding the use of an "AI-integrated automated system." Since *Facebook v. Duguid*, courts require plausible allegations that the system randomly or sequentially generated the telephone number called. The use of an automated system to place the challenged calls is no longer sufficient to allege an ATDS claim. *McEwen v. Nat'l Rifle Ass'n of Am.*, 2021 WL 1414273, at *7 (D. Me. Apr. 14, 2021). Thus, the FAC's conclusory allegations do not support that Rocket Mortgage used random or sequential number generation, and thus an ATDS, to call him. *Barry v. Ally Fin., Inc.*, 2021 WL 2936636, at *5 (E.D. Mich. July 13, 2021).

Dobronski further contends he plausibly alleged the use of an artificial or prerecorded voice for Call 21 (and no others) because that call "was introduced by a robotic voice." ECF No. 21, PageID.277. The use of an artificial or prerecorded voice only violates the TCPA if the call was made without the "prior written express consent" of the called party to a cellular telephone; by Dobronski's own admission, Rocket Mortgage placed this call to his VOIP (not a cellular telephone) in response to an "online inquiry" (not without prior consent). ECF No. 14, PageID.166. And try as he might to allege Count I and Count II are disparate claims (ECF No. 21,

1

PageID.277-278), they are not. Section 64.1200(a)(1) expressly incorporates Section 64.1200(a)(2), which explains when the calls in (a)(1) are not a violation.

## II.    The FAC Fails to State a Recorded Call Claim (Counts III & XIV).

Dobronski contends that he did not submit an online inquiry to Rocket Mortgage while also pleading that Rocket Mortgage contacted him in response to an online inquiry. ECF No. 14, PageID.165. "[P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called." 7 FCC Rcd. 8752, 8769 (1992). Dobronski's denial—that he did not submit an inquiry—does not negate the more plausible inference of consent supported by his pleading.

As for the MTCCCA claim, Dobronski argues that "recorded messages" encompass text messages. ECF No. 21, PageID.279-280. Yet, no court interpreting the statute (or TCPA) has held that a written text message is the equivalent of a recorded voice message. Nor would such an interpretation make sense. Elsewhere, the MTCCCA uses "recorded" to refer to a recorded voice call: "[r]ecorded commercial advertising that is authorized under this section must end or otherwise free the subscriber's telephone line for incoming and outgoing calls immediately upon the subscriber's termination of the call." M.C.L. § 484.125(8). Under "the presumption of consistent usage . . . 'a word or phrase is presumed to bear the same meaning throughout a text.'" *U.S. v. Paulson*, 68 F.4th 528, 555 (9th Cir. 2023)

2

(citation omitted). The Michigan legislature did not intend recorded to mean a "written message" in Section 484.125(8) because a "written message" could not hold a telephone line hostage, as that section proscribes. So too, the Michigan legislature did not use the word "recorded" in Section 484.125(2)(a) to mean a written text.

## III.   Dobronski's Disconnected Call Claim (Count IV) Should be Dismissed.

Dobronski argues that Rocket Mortgage improperly "invit[es] the Court to hypothesize alternative explanations for the repeated disconnections," and to resolve factual disputes at the motion to dismiss stage. ECF No. 21, PageID.282. But courts must consider "obvious alternative explanation[s]" at the pleading stage and "allegations that are no more than conclusions . . . are not entitled to the assumption of truth." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945-946 (8th Cir. 2015). Dobronski's allegation that Rocket Mortgage disconnected Calls 1-20 after only one ring is conclusory and a mere recitation of the regulation. He offers no plausible allegations that any disconnection is attributable to Rocket Mortgage, and it is illogical that Rocket Mortgage would ring his number only once, then hang-up, in an effort to speak with him. Literally any other explanation is more plausible than the conclusory allegations Dobronski offers. *See* ECF No. 19, PageID.242 n.6.

## IV.   Dobronski Cannot Save His DNC Claims (Counts IX, X & XI).

Dobronski's allegations that Rocket Mortgage did not immediately provide him with a written copy of its DNC policy does not support that Rocket Mortgage

3

lacked a policy, which is the only basis for such a TCPA claim. *Charvat v. DFS Servs., LLC*, 781 F. Supp. 2d 588, 592-593 (S.D. Ohio 2011). Dobronski points to *Dobronski v. Selectquote Ins. Services*, 2025 WL 904370 (E.D. Mich. Jan. 14, 2025), but it is of no help to him. In *Selectquote*, the court found on summary judgment that a jury could reasonably infer that no policy existed because of defendant's "uncontested failure to provide the policy." *Id.* at *11. In contrast, here, approximately one month before Dobronski filed his Opposition, Rocket Mortgage provided him with its DNC policy in effect at the time of his request.[1] That Rocket Mortgage had a policy in effect during the call is all that is required. 47 C.F.R. § 64.1200(d). Furthermore, his allegations demonstrate that Rocket Mortgage had an effective do not call policy because it stopped calling him when he asked and up until he submitted a new online inquiry. ECF No. 14, PageID.165.

## V.     The FAC Does Not Plead a Telephone Solicitation (Counts VIII & XIII).

Dobronski contends Rocket Mortgage confirmed that Calls 1-20 were attempts to contact him "to discuss his interest in mortgage refinancing," which fall within the statutory definition of "telephone solicitation." ECF No. 21, PageID.286. However, invited calls are expressly excluded from the definition of "telephone solicitation." *See* 47 C.F.R. § 64.1200(f)(15)(i). The FAC admits that Dobronski was

---

[1] On December 15, 2025, counsel for Rocket Mortgage provided Dobronski with a copy of Rocket Mortgage's DNC policy in effect as of September 29, 2025.

informed that the calls to him were made in response to an "online inquiry" to assist Dobronski with his "home purchase." ECF No. 14, PageID.165. Rocket Mortgage's calls in response to Dobronski's expressed interest to hear from Rocket Mortgage puts them outside the "telephone solicitation" definition and fails to plead more than one telephone solicitation to state a claim for a violation of Section 64.1200(c) and the MHSSA. *See Roberts v. PayPal, Inc.*, 2013 WL 2384242, at \*5 (N.D. Cal. May 30, 2013) (putting cell phone on website was consent to receive texts).

## VI. VoIP Telephone Subscribers Are Not "Residential Telephone Subscribers" (Counts VIII, IX, X, XI & XIII).

Dobronski argues that courts have rejected arguments that VoIP subscribers "fall outside the TCPA's protection" and that "a residential subscriber does not lose statutory rights by using newer technology." ECF No. 21, PageID.290. For support, he cites to a 2013 pre-*Loper Bright* case in *Lynn v. Monarch Recovery Management, Inc.*, 953 F. Supp. 2d 612 (D. Md. 2013). Even if *Lynn* was current with the law on deference to agency interpretation, the provision at issue in *Lynn* was the TCPA's "call charged provision," which prohibits ATDS use to any number upon which the called party was charged for the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii). That "call charged" provision in Section 227(b)(1)(A) is not limited to "residential telephone subscribers" like Dobronski's DNC claims here and is inapplicable.[2] Because

---

[2] Dobronski suggests that *Hines v. Volkswagen of America, Inc.* supports that the MHSSA must be construed broadly. 265 Mich. App. 432, 443 (2005). It does not.

5

Congress did not intend for the DNC protections to extend to VoIP technology, or other portable telephones that exist outside of the home, Dobronski's DNC claims should be dismissed. *See Callier v. GreenSky, Inc*., 2021 WL 2688622, at \*6 (W.D. Tex. May 10, 2021) (dismissing § 64.1200(d)(1) claim).

## VII.   The FAC Fails to State an Abandoned Call Claim (Counts V, VI & VII).

The Motion established that there is no private right of action for Dobronski's abandoned call claims, and that these claims fail because Dobronski did not allege any abandoned call or an abandonment rate in excess of 3%. Dobronski contends that the 3% abandonment rate actually operates as a "safe harbor" and affirmative defense and, as such, is not an element of his claim but something Rocket Mortgage must "plead." ECF No. 21, PageID.284-285. For support, he cites 2003 FCC guidance that references the regulation as a "safe harbor." 18 FCC Rcd. 14014, 14104 (2003). But the "safe harbor" referenced by the FCC concerns the FTC's call abandonment regulation under the Telemarketing Sales Rule, which is irrelevant to Dobronski's TCPA claim. Further, Section 64.1200(a)(7) does not prohibit call abandonment outright, so if the 3% abandonment rate is a safe harbor, then there is no underlying violation to support a claim.

Dobronski also alleges that "he answered each of the challenged calls, but the caller disconnected before a live agent was connected." ECF No. 21, PageID.284. This contradicts the FAC's admission that Calls 1-20 "rang once and immediately

terminated *before* [Dobronski] could answer the telephone." ECF No. 14, PageID.164 (emphasis added). These are not "abandoned" calls and Dobronski cannot amend the FAC in his Opposition.

## VIII. The FAC Fails to State a Caller ID Claim (Count XII).

Dobronski fails to plead that Rocket Mortgage's telephone carrier had the ability to display its name on a caller ID as required to establish a violation under 47 C.F.R. §§ 64.1600, 64.1601(e)(1). Dobronski again argues an element of his claim is actually an "affirmative defense" that he has no obligation to plead. ECF No. 21, PageID.296. But what Dobronski calls an affirmative defense is a basic element of his claim and the FCC guidance that he relies on states no differently. And, although he has convinced this Court before that there is a private right of action for this claim, this Court admitted it is in the minority of courts to reach that conclusion. *Dobronski v. Selectquote Ins. Servs.*, 773 F. Supp. 3d 373, 377 (E.D. Mich. 2025).

Dated: January 20, 2026

Jeffrey M. Thomson (P72202)
MORGANROTH & MORGANROTH PLLC
344 North Old Woodard Ave, Suite 200
Birmingham, MI 48009
Tel.: +1 248 864 4000
JThomson@morganrothlaw.com

Respectfully submitted,

/s/ *W. Kyle Tayman*
W. Kyle Tayman
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel.: +1 202 346 4000
KTayman@goodwinlaw.com

7

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 20, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all parties. I also caused a copy of the foregoing to be served by mail and email on the following pro se plaintiff:

Mark W. Dobronski
PO Box 99
Dexter, MI 48130-0099
markdobronski@yahoo.com

/s/ *W. Kyle Tayman*
W. Kyle Tayman

1