UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

Plaintiff,

v.

ROCKET MORTGAGE, LLC,

Defendant.
_____________________________/

Case No. 25-12798

F. Kay Behm
United States District Judge

Kimberly G. Altman
U.S. Magistrate Judge

**OPINION AND ORDER ON THE MAGISTRATE JUDGE'S JULY 15, 2026 REPORT AND RECOMMENDATION (ECF No. 27) AND DEFENDANT'S OBJECTIONS (ECF No. 28)**

This is a case brought under the Telephone Consumer Protection Act of 1991 (TCPA) and related state statutes. ECF No. 14 (Amended Complaint). Plaintiff Mark Dobronski proceeds *pro se*, as he often does in similar suits nationwide. Defendant Rocket Mortgage LLC filed a motion to compel arbitration (ECF No. 10), a dismiss the complaint (ECF No. 11), and then a motion to dismiss the amended complaint (ECF No. 19).

Currently before the court is the Magistrate Judge's report and recommendation on each of these motions (ECF No. 27), to which

Defendant objected (ECF No. 28), Plaintiff responded (ECF No. 29), and Defendant filed a reply (ECF No. 30). For the reasons explained below, the court accepts and adopts the report and recommendation's factual findings on the motion to compel, and accordingly this case will proceed to a summary trial on the contract formation issue identified. All other findings are set to the side pending resolution of that issue.

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The court adopts the facts as the Magistrate Judge described them. ECF No. 27. Dobronski alleges that from August 11 to 19, 2025, he received twenty uninvited phone calls from the same number to his cellular telephone number 734-***-*212. ECF No. 14, PageID.163-164. For each of these first twenty calls, the inbound call rang only once and then "immediately terminated before [Dobronski] could answer the telephone." *Id.* Dobronski says that he subsequently called the telephone number from the caller ID of these calls and received a recorded message identifying Rocket as the call recipient. The message instructed the caller to press "1," "2," or "3" to speak to a live agent. Dobronski pressed 1 and was connected with an agent named Blake. Dobronski asked Blake why he had received phone calls from this

number and Blake explained that Rocket had been attempting to contact him to discuss his interest in mortgage refinancing. Dobronski explained to Blake that his telephone number was on the National Do Not Call Registry and that he was not interested in mortgage refinancing, and asked that Rocket not call his telephone number again. *Id.* Dobronski received another call from Rocket in September, 2025, and was told this was in response to an online inquiry. ECF No. 27, PageID.342-44. Dobronski also received an SMS text message from Rocket that read: "Hi Testq, it's George Rasmus from Rocket Mortgage. Here is my contact information, which you can open and easily save into your phone to have on hand whenever you need! NMLS #1639092. Reply STOP to opt out." ECF No. 14, PageID.168.

Rocket argues, in essence, that Plaintiff is not sharing all the facts. They say Dobronski – a frequent TCPA litigant – or someone on his behalf, in fact submitted his telephone information on Rocket Mortgage's website and agreed to receive information about Rocket's mortgage loans. Rocket submitted a Declaration from Amy Courtney, Principal Data Analyst at Rocket, LP, the parent of and service provider to Rocket Mortgage, LLC. ECF No. 10-2. According to her, an

individual from the IP address 173.167.231.105 visited a Rocket website on or about August 11, 2025, and made a voluntary submission as part of an online request for mortgage information. *Id.*, PageID.69. She says that according to the online databases, such as whatismyipaddress.com, this IP address traces to Ann Arbor, Michigan. *Id.*; *see* https://whatismyipaddress.com/ip/173.167.231.105 (last visited July 6, 2026). Rocket's business records show that on August 11, this IP address user entered the following information as part of their submission for mortgage information:

a) Name: Testq Testing
b) Phone Number: 734-***-*212
c) Property State: MI
d) Loan Purpose: Purchase
e) Loan Amount: 250,000

*Id.*

This user then clicked "Confirm & continue." *Id.*, PageID.70. Above the "Confirm & continue" button, there is a notice that by clicking the button, one agrees to Rocket's Privacy Policy and Terms of Use, both of which are clickable links. *Id.* The notice warns users that the Terms of Use includes an "agreement to arbitrate claims related to

the Telephone Consumer Protection Act." *Id.* It also says that by clicking, the user expressly consents to receive sales, marketing, and other calls and texts, even if the telephone number entered is on a do-not-call list. *Id.* If someone opened the Terms of Use link on that page, they would see that the Terms of Use include an agreement to arbitrate any claims, disputes, or controversies related to the TCPA "or any similar state laws" between the user and Rocket, governed by the Federal Arbitration Act (FAA). *Id.*, PageID.71.

In Rocket's motion for leave to file supplemental authority, it submits evidence that after the filing of this lawsuit, on September 29, 2025, someone navigated to another Rocket website and entered another mortgage information request from the same name, phone number, and state as before. ECF Nos. 18, 18-1. This request came from a different IP address, 97.156.89.19, which the IP tracking website indicates originated from Southfield, Michigan. *See* https://whatismyipaddress.com/ip/97.156.89.19 (last visited July 6, 2026). Despite the difference in IP addresses, Courtney indicates in her supplemental declaration that Rocket's "systems of record indicated that the September 29, 2025 submission from telephone user 734-

XXXX212 originated from the same individual as the August 11 Submission." ECF No. 18-1, PageID.212.

Dobronski, perhaps unsurprisingly, does not agree with Rocket's version of the facts. Most relevantly, he submitted a declaration that neither he, nor someone acting on his behalf, submitted the relevant information to Rocket Mortgage on their website. ECF No. 13, PageID.139. He says neither he, nor someone on his behalf, used the name "Testq Testing." *Id.* He says he has never used IP address 173.167.231.105. *Id.* at PageID.140. Dobronski also says that the IP address of the original user that agreed to receive mortgage information on August 11 is listed on https://whatismyipaddress.com/ip/173.167.231.105 as being a Comcast user from the "Humane Society" in Ann Arbor, Michigan. Dobronski attests that he does not have a residence in Ann Arbor and does not have Comcast. *Id.*

The Magistrate Judge found the declaration to be competent evidence that Dobronski did not enter the relevant submissions on Rocket's website. ECF No. 27, PageID.351-52. And so despite Rocket's arguments in their motion that "the Court should assume the form was

submitted by Dobronski or someone on his behalf," the Magistrate Judge rejected that argument and found that a question of fact existed on formation of a contract to arbitrate the parties' disputes because Rocket "has not shown that Dobronski himself entered into its arbitration agreement." *Id.* at PageID.353. Still, Judge Altman indicated the matter remained in dispute, because "discovery may produce evidence that Dobronski did indeed enter into an arbitration agreement with Rocket." *Id.* at PageID.354.

## II. STANDARD OF REVIEW

On objections to a dispositive motion, *de novo* review generally applies. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). The district court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). However, objections that

dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Instead, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). The objections must be specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And the "failure to object" entirely "to the magistrate judge's report[] releases the Court from its duty to independently review the matter." *Hall v. Rawal*, 2012 WL 3639070 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

Motions to compel arbitration based on the existence of a valid arbitration agreement are governed by § 4 of the FAA. 9 U.S.C. § 4; *see also Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 837 (6th Cir. 2021). Section 4 requires a court to summarily compel arbitration upon a party's request, unless the opposing side has put the making of the arbitration contract "in issue." *Boykin*, 3 F.4th at 835

(citing 9 U.S.C. § 4). An agreement's validity is "in issue" when "the party opposing arbitration . . . show[s] a genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). "The required showing mirrors that required to withstand summary judgment in a civil suit." *Id.* Thus, the court views "all facts and inferences drawn therefrom in the light most favorable" to the party opposing arbitration and "determine[s] whether the evidence presented is such that a reasonable finder of fact could conclude that no valid agreement to arbitrate exists." *Id.* If the court finds that the making of the arbitration agreement is "in issue," the court "shall proceed summarily to the trial on the disputed question." 9 U.S.C. § 4. Additionally, "a party who adequately puts the formation of an arbitration contract in issue may request discovery on that contract-formation question." *Boykin*, 3 F.4th at 841.

## III. ANALYSIS

### A. R&R's Findings on Contract Formation

The court starts by addressing the R&R's finding on contract formation, because some confusion seems to have arisen on this point.

Rocket indicates at times that they read the R&R to find no dispute of fact on contract formation and that the Magistrate Judge recommended denying the motion to compel entirely because there was no evidence that Dobronski submitted his phone number on their website. ECF No. 30, PageID.445 ("the R&R should have found a genuine dispute of material fact warranting limited discovery"). Dobronski seems to agree with that interpretation. ECF No. 29, PageID.428 ("The R&R accurately described the record: Rocket showed that 'someone' entered the number, potentially 'subjecting whoever that was' to the terms. It did not find that Plaintiff was that person.").

The court does not share that reading. The court reads the R&R to conclude that a question of fact exists on contract formation – i.e. whether it was Dobronski or some other web user unconnected to him who entered the "Testq" name and phone number. In particular, Judge Altman did not foreclose the factual issue: she said "discovery may produce evidence that Dobronski did indeed enter into an arbitration agreement with Rocket." ECF No. 27, PageID.354. She recommended denying the motion to compel without prejudice on the grounds that Rocket has not yet carried their burden, but explicitly stated that they

might meet their burden after discovery "limited to the purpose of resolving the factual disputes around the arbitration agreement." *Id.* That, to this court's reading, ends the discussion; the R&R found a material question of fact needing discovery to resolve regarding contract formation. On that understanding – that there is a question of fact as to whether Dobronski submitted the information on Rocket Mortgage's website – the court accepts and adopts the factual findings in that portion of the report and recommendation (ECF No. 27, PageID.348-53) without further review. The issue now presented is what procedure follows that finding.

**B. Other Findings Without Objection**

First, however, the court first notes a few relevant matters that went without objection or have been admitted for purposes of the motions and objections. Defendant admits at this stage that Dobronski's declaration results in "competing assertions present[ing] a genuine factual dispute about who submitted the online inquiries and, thus, whether an agreement to arbitrate was formed." ECF No. 28, PageID.402; *see, e.g.*, *Bazemore v. Papa John's United States, Inc.*, 74 F.4th 795, 798 (6th Cir. 2023) (declaration of employee sufficient to

create genuine issue of fact on contract formation). The court also adopts the Magistrate Judge's finding, unobjected to by Plaintiff, that "Dobronski does not argue that the agreement is generally unenforceable or that it would not cover the scope of his claims. He simply argues, supported by his own sworn declaration, that he did not at any time visit the Rocket websites in question or enter the information noted above in order to receive mortgage information from Rocket." ECF No. 27, PageID.350. So there is no question at this point that the agreement to arbitrate is enforceable against both parties, if it turns out that Dobronski or an agent acting on his behalf submitted his telephone number. Finally, the court notes that neither party objected to ruling on the motion to compel even though it was filed prior to the current operative amended complaint, so the parties have waived any objection suggesting that differently pleaded facts would change the outcome of this motion.

### C. Objection 1

Defendant filed several objections to the report and recommendation. ECF No. 28. As indicated, the most relevant objection for present purposes is to the Magistrate Judge's

recommendation that the court simultaneously rule on Defendant's motion to dismiss to narrow the issues and dismiss some claims, while also allowing discovery to commence on all claims, including the contract formation issue. Defendant argues that this procedure is not permissible: "Section 4 of the FAA provides, in relevant part, that "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, **the court shall proceed summarily to the trial thereof**." 9 U.S.C. § 4 (emphasis added). . . . Once formation of an arbitration agreement is "in issue," the FAA's mandate is triggered, and the proper course is a summary trial on the formation question." ECF No. 28, PageID.401. Defendant is correct.

Once a motion to compel arbitration is filed, "the district court [must] refrain from further action" and must "first determine whether there is a written agreement to arbitrate between the parties[.]" *Southard v. Newcomb Oil Co., LLC*, No. 19-5187, 2019 U.S. App. LEXIS 33751, at *11 (6th Cir. Nov. 12, 2019) (quoting *Midwest Mechanical Contractors, Inc. v. Commonwealth Constr. Co.*, 801 F.2d 748, 750 (5th Cir. 1986)); *see Boykin v. Fam. Dollar Stores of Mich., LLC*, 3 F.4th 832, 841 (6th Cir. 2021) (reversing lower court and finding the party had

"identified a genuine dispute of fact over whether the parties have formed contract [agreeing to arbitrate]—a dispute that entitles him to targeted discovery and a trial on the question."); *see also, e.g.*, *Dahdah v. Rocket Mortg., LLC*, No. 22-11863, 2023 LX 50812, at *3 (E.D. Mich. Nov. 17, 2023) (concluding that the court could not "decid[e] the merits of the motion to dismiss the complaint before first resolving the motion to compel arbitration on the merits"); *Bianchi v. Palo Alto Mind Body*, No. 25-10949, 2026 LX 338215, at *27 (E.D. Mich. June 24, 2026) (opening discovery on the issue of arbitration contract formation prior to any merits issue). The court must instead "proceed summarily to a trial regarding the making of the arbitration agreement . . . so the parties can get on with the merits of their dispute in the right forum." *Southard*, 2019 U.S. App. LEXIS 33751, at *10 (internal quotation marks omitted) (quoting *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978 (10th Cir. 2014)); *Boykin*, 3 F.4th 832, 844 (6th Cir. 2021) ("The parties may not address other issues, including merits issues, before the court resolves these formation questions and [Defendant's] motion to compel.").

Because there is a question of fact as to contract formation on the agreement to arbitrate, the court cannot address any of the merits issues presented in Defendant's motion to dismiss until it first resolves the contract formation issue identified by the Magistrate Judge's findings on the motion to compel arbitration. This case will proceed to targeted discovery and a summary trial on that issue while all other matters are held in abeyance.

In his response, Plaintiff appears to object to targeted discovery on this question (ECF No. 29, PageID.428), but his reasons are hard to follow. If he agrees that there is a question of fact as to whether he entered a contract with Rocket, then Rocket is entitled to conduct discovery to determine whether he submitted or authorized the responses to their online form. And he again ultimately agrees with the R&R that the "question is not whether an arbitration term accompanied Plaintiff's transaction," (because he admits that one did), "but whether Plaintiff engaged in any transaction at all" on Rocket's website. As explained, the court reads the R&R to have found a question of fact on that issue, and this court accepts and adopts that finding.

Dobronski's actual argument appears to be one of procedure and the scope of discovery; he argues at some length to ask that the court curtail the scope of Rocket's discovery regarding his own online activity, but significantly expand the scope of what he ought to be allowed to receive from Rocket. ECF No. 29, PageID.429-33. Dobronski has not followed the proper procedure to present these arguments, so the court will not address them in this posture. There is no showing that Dobronski has engaged in the required conference with the opposing party before presenting these arguments. *See* Fed. R. Civ. P. 26(f). The court, to be clear, expects Plaintiff to confer in good faith with the opposing party to determine the scope of reciprocal, concurrent discovery on the discrete issues identified by Judge Altman and this court, and to make substantial efforts to resolve any disputes over simple discovery matters before engaging either the undersigned or Judge Altman's time and energy in overseeing this limited and straightforward matter. Many of Plaintiff's purported discovery needs, as Defendant discusses in their reply briefing, appear to be issues that are well-suited for resolution and narrowing by the parties prior to seeking the court's intervention. The referral to the Magistrate Judge

remains in place, and the Magistrate Judge may issue the appropriate scheduling order informing this court of the discovery deadline, as well as any orders related to conferences or other matters related to this summary procedure.

### D. Remaining Objections

The remaining objections relate to the Magistrate Judge's rulings on the motion to dismiss. All of these issues are premature, so the court cannot address them on their merits and sets them to the side. The original motion to dismiss will be denied as moot, and the second motion to dismiss denied without prejudice. Should the arbitration issue be resolved in Dobronski's favor, the court will allow the parties to renew their arguments (and all of their current briefings), and the court will take up any remaining portion of the R&R, along with the arguments presented in the objections, response, and reply, at that time.

## IV. CONCLUSION

For the reasons explained above, the court **SUSTAINS** Defendant's Objection 1 (ECF No. 28), **ACCEPTS** and **ADOPTS** the Magistrate Judge's May 4, 2026 Report and Recommendation (ECF No.

27) as to its factual findings on the motion to compel only, and **MODIFIES** the disposition of the motions.

Defendant's motion to compel arbitration (ECF No. 10) is **DENIED WITHOUT PREJUDICE** because factual issues prevent final resolution of the question presented. This case will proceed to limited discovery and a summary trial on the contract formation issue.

It is **FURTHER ORDERED** that Defendant's first motion to dismiss (ECF No. 11) is **DENIED AS MOOT**. Defendant's second motion to dismiss (ECF No. 19) is **DENIED WITHOUT PREJUDICE** in accordance with the reasons explained above. All other objections to the report and recommendation are **OVERRULED WITHOUT PREJUDICE**, and the court does not rule on the remaining portions of the report and recommendation at this time. Defendant may file a notice to renew their motion to dismiss (alongside all briefings, including the report and recommendation and their objections) in the event that Plaintiff prevails on the summary trial issues.

**SO ORDERED**.

Date: August 10, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge