UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

Plaintiff,

v.

ROCKET MORTGAGE, LLC,

Defendant.

Case No. 4:25-cv-12798-FKB-KGA

Honorable F. Kay Behm
United States District Judge

Honorable Kimberly G. Altman
United States Magistrate Judge

---

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER GOVERNING THREE NONPARTY SUBPOENAS AND REQUEST FOR EXPEDITED CONSIDERATION AND INTERIM RELIEF**

Plaintiff Mark W. Dobronski, proceeding *pro se*, moves under Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C), and 26(c)(1) for an order controlling Defendant's September 3, 2026 subpoenas to Comcast Corporation, Yahoo Inc., and Bandwidth Inc. The Court authorized targeted discovery concerning whether Plaintiff formed an arbitration agreement, not a general investigation of his email-account security, telephone communications, contacts, and household. Plaintiff has no objection to Comcast responding fully to its subpoena. Plaintiff asks the Court to narrow the Yahoo and Bandwidth demands to records that can test the alleged August 11, 2025 submission and prevent review of disputed material pending a ruling.

The subpoenas set September 17, 2026 as the production date. Plaintiff

requests expedited consideration and a short interim order requiring Rocket to segregate and refrain from reviewing any Yahoo or Bandwidth production while the Court considers the motion. Those compliance dates have passed, and Yahoo or Bandwidth may disclose responsive records at any time. If Rocket reviews Plaintiff's date of birth, security questions and answers used for password recovery, email login history, call records, or messaging metadata before the Court rules, a later order excluding that material cannot undo the disclosure. Expedited consideration and an immediate interim no-review direction are therefore necessary. Plaintiff requests expedited treatment without designating this motion an emergency. To the extent the Court concludes that modification of a subpoena itself must be sought in the district of compliance under Rule 45(d)(3), Plaintiff alternatively asks for an order directed to Rocket under Rule 26(c), without compelling any nonparty outside the proper district. Yahoo and Bandwidth should receive notice of any order affecting their subpoenas. This motion seeks no restriction on Comcast's production.

## CONCURRENCE AND CONFERRAL

Plaintiff objected to the Yahoo and Bandwidth scope in a September 17 letter (Ex. 4) and conferred with Rocket's counsel on September 17 and by video on September 24. Plaintiff also sought an informal discovery conference under Magistrate Judge Altman's practice guidelines. Rocket's September 24 letter (Ex. 5)

offered to shorten the Yahoo period and remove date-of-birth and security-question requests; as to Bandwidth, it offered to withdraw Request 13 and narrow Request 11. During the September 24 conference Rocket declined Plaintiff's proposal to replace the two subpoenas with narrower ones. Plaintiff renewed the proposed resolution in his September 25 letter (Ex. 6). The parties have not resolved the dispute; concurrence in this motion has not been obtained.

## REQUESTED RELIEF

Plaintiff asks the Court to (1) consider this motion on an expedited basis and, while it is pending, direct Rocket to segregate and not open, review, disseminate, or use any Yahoo or Bandwidth production not already reviewed; (2) find good cause for a Rule 26(c) order concerning the Yahoo and Bandwidth subpoenas only; (3) direct Rocket promptly to prepare and circulate a motion to compel and proposed order concerning Comcast for Plaintiff's stipulation, and then pursue entry in the proper court, while stating that nothing in the protective order delays or limits Comcast's full production; (4) direct Rocket to withdraw the present Yahoo and Bandwidth subpoenas or agree to the foregoing narrower replacement demands, reserving any supported application for further discovery; (5) require status disclosure for any earlier receipt/review and a tailored remedy for material already reviewed; (6) require Rocket to provide the nonprivileged compliance communications and give

prompt notice of further productions; and (7) grant such other relief as is just. Plaintiff requests expedited consideration because the compliance dates have passed, Yahoo has indicated it may respond after customer notice, and either nonparty may disclose private records before the Court can decide the proper scope.

Respectfully submitted,

Dated: September 28, 2026

Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
(734) 641-2300
markdobronski@yahoo.com
Plaintiff *In Propria Persona*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

Plaintiff,

v.

ROCKET MORTGAGE, LLC,

Defendant.

Case No. 4:25-cv-12798-FKB-KGA

Honorable F. Kay Behm
United States District Judge

Honorable Kimberly G. Altman
United States Magistrate Judge

---

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether Rule 26(b)(1), (b)(2)(C), and (c)(1), together with the Court's August 10 order limiting discovery to arbitration contract formation, warrant restricting the Yahoo and Bandwidth subpoenas to records bearing on the alleged August 11, 2025 submission, while permitting Comcast discovery to proceed fully.

   Plaintiff says: Yes.

2. Whether the Court should order interim segregation and nonreview of Yahoo and Bandwidth productions pending determination of their permissible scope, and require a status accounting for material already received or reviewed.

   Plaintiff says: Yes.

3. Whether Rocket should promptly seek an appropriate order compelling Comcast's compliance, subject to Rule 45's district-of-compliance provisions and Plaintiff's stated willingness to stipulate.

   Plaintiff says: Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 26(b)(1), (b)(2)(C), (c)(1)

Fed. R. Civ. P. 45(d)(2)(B), (d)(3), and (f)

E.D. Mich. LR 5.1(a)

E.D. Mich. LR 7.1(a), (d)(1)–(3)

Order dated August 10, 2026, ECF No. 31, at 15–16

## FACTUAL BASIS

1. The Court's August 10, 2026 order authorized targeted discovery on the discrete issue of contract formation. ECF No. 31, at 15–16. Rocket attributes an August 11, 2025 online submission, bearing the name "Testq Testing," to IP address 173.167.231.105. Plaintiff disputes making or authorizing that submission. Entering Plaintiff's telephone number on a form, without more, cannot itself establish Plaintiff's assent or an agent's authority.

2. The Comcast subpoena (Ex. 1, including its Exhibit A) seeks records about assignment of 173.167.231.105, service location, DHCP leases, equipment, and related account information. Plaintiff does not object to that subpoena and wants Comcast to respond to it. Rocket reported on September 24 that Comcast had not produced records. During the September 24 conference, Ms. MacLeman stated that Comcast is demanding a motion to compel before it will respond. Plaintiff asks the Court to direct Rocket to prepare promptly the necessary motion and proposed order compelling Comcast's response, and Plaintiff will stipulate to entry of an appropriate order requiring Comcast to comply fully with its subpoena.

3. The Yahoo subpoena (Ex. 2, including its Exhibit A) defines July 1 through October 31, 2025 as the relevant period. Request 1 expressly seeks Plaintiff's date of birth. Request 3 expressly seeks account-recovery telephone numbers and

email addresses, "security questions and associated responses," and records of changes to those details. These questions and answers serve as password-recovery prompts and credentials. Requests 2 and 4 seek account-creation IP and device information and every login with IP, location, and device information. The subpoena does not literally say "passwords," but its broad demand for all account-identifying data and recovery details risks disclosure of password-related information and should expressly exclude passwords, password hashes, reset tokens, and the answers to reminder or security prompts. Rocket proposes a July 11 through September 11 period (Ex. 5) and removal of date of birth and security answers, but still seeks generalized login history and recovery information. Plaintiff is willing to stipulate to ownership of the account and permits an inquiry whether 173.167.231.105 accessed it at or near the alleged August 11 event, with timestamp and matching session or device information.

4. The Bandwidth subpoena (Ex. 3, including its Exhibit A) concerns the 12 Number, a VoIP residential telephone number. Its Exhibit A defines July 1 through September 30, 2025 and requests all portal access (No. 1), all call detail records (No. 2), routing and originating-number records (Nos. 3–5), infrastructure and provisioning records (Nos. 6–9), all SMS/MMS records (No. 10), full rate and payment records (No. 11), ownership/authorized users (No. 12), and retention policies

(No. 13). Rocket offers to withdraw No. 13 (Ex. 5) and confine No. 11 to payor identity, but continues to demand communications and contact data. Plaintiff accepts account-holder, payor, and authorized-user identification; narrowly necessary provisioning; and whether a relevant account access from 173.167.231.105 occurred at or near August 11.

5. In its September 24 letter (Ex. 5) Rocket says "multiple persons appear to have such authorization, including Safe Train LLC and Susan Dobronski." It has not identified evidence establishing authority to assent to an arbitration agreement for Plaintiff. Its suggestion that a person communicating with Plaintiff might have made a submission does not make months of Plaintiff's call and message history proportional. Plaintiff has requested the present factual basis (Ex. 6) for the asserted authorization.

6. Plaintiff learned during the September 24 conference that the nonparties had communicated concerning compliance. Rocket offered not to reference later-produced information before motion practice ended, but did not agree to leave it unreviewed. Review would disclose private contacts and account information even if the material is later excluded. Plaintiff has asked for nonprivileged compliance correspondence to clarify what has already been produced; the present production and review status should be confirmed rather than assumed.

## ARGUMENT

### I. The Court can protect Plaintiff's information and enforce the discovery limit.

Rule 26(b)(1) confines discovery to nonprivileged matter relevant to a claim or defense and proportional to the needs of the case. Rule 26(b)(2)(C)(i)–(iii) directs the Court to limit discovery that is cumulative, available from a more convenient or less burdensome source, or outside Rule 26(b)(1). For good cause Rule 26(c)(1) permits an order protecting a party from annoyance, embarrassment, oppression, or undue burden, including limits on scope, method, and disclosure. A confidentiality label alone cannot undo unnecessary disclosure of an entire set of telephone contacts or account-recovery data. Plaintiff seeks a scope limitation and sequencing order, not immunity from relevant formation discovery.

### II. Comcast discovery should proceed without restriction from this motion.

Plaintiff supports Comcast's full response to its September 3 subpoena. Rocket identifies 173.167.231.105 as the electronic link to the alleged August 11 submission, so Comcast's independent records are especially useful. Ms. MacLeman represented that Comcast is demanding a motion to compel. The Court should direct Rocket to prepare promptly a motion to compel and proposed order, share them with Plaintiff for stipulation, and pursue entry of the order in the district where compliance is

required under Rule 45(d)(2)(B), or seek transfer under Rule 45(f) if appropriate. Plaintiff will stipulate to an appropriate order compelling Comcast to respond fully to its subpoena. Plaintiff asks for no protective restriction, narrowing, or delay of Comcast's compliance. The parties may also ask Rocket to identify the precise timestamp and receiving endpoint to facilitate interpretation of Comcast's response; that should not be made a precondition to Comcast's production.

## III. Yahoo and Bandwidth demand far more than the formation issue warrants.

Yahoo can answer the focused question whether the specified IP address accessed Plaintiff's identified account during a reasonable interval surrounding August 11 and, if so, supply the relevant timestamp and available session, device, and user-agent fields for that match. Account ownership can be stipulated. The account's historical creation circumstances, recovery phone numbers and addresses, security questions and answers, and generalized July–September login map do not establish who submitted "Testq Testing" on August 11. Yahoo Request 1 expressly seeks Plaintiff's date of birth, and Request 3 reaches the answers to password-recovery prompts. Those details carry a concrete account-security risk that ordinary confidential treatment after production does not eliminate. Any permitted Yahoo response should exclude date of birth, passwords, password hashes, reset tokens, security questions and answers, and recovery-contact details. Even Rocket's proposed

shortening leaves that overbreadth intact.

Bandwidth can identify the account holder (Ex. 3), payor, and authorized users at the relevant time; whether the relevant VoIP account or interface was accessed from the specified IP near August 11; and technical provisioning fields necessary to interpret a matching access. Wholesale call detail, Caller ID, call-routing paths, SMS/MMS metadata, and communication contacts show whom a line contacted, not who submitted Rocket's web form or possessed actual authority to agree to arbitration. Nor does a rate plan or payment history prove assent. Rocket's proposed limitation of No. 11 is appropriate, and No. 13 should be withdrawn. Because Bandwidth may be an upstream provider rather than the retail account custodian, the order should require only records it actually maintains, without an inference that an absent login record proves or disproves account access elsewhere.

## IV. Interim protection is necessary and can be tailored to the current status.

For any Yahoo or Bandwidth production not yet reviewed, Rocket should promptly sequester it unread pending resolution. If Rocket has already received or reviewed information, it should disclose the dates, categories, recipients, and extent of review without further disseminating it. The Court can then identify information outside the permissible scope and order its return or destruction, no retained copies, an appropriate sworn certification, and no use or disclosure of that material or

knowledge derived from it. The order should preserve one sealed copy under counsel's custody solely if preservation is necessary for review or appellate purposes, subject to further order. The Court should not impose a fictitious duty to erase human memory; it can prohibit use or exploitation of the knowledge. Directing Rocket to disclose nonprivileged subpoena-compliance communications and to give prompt notice of any new production will make this protection workable.

## CONCLUSION

For the foregoing reasons, Plaintiff requests the relief specified in the motion, including interim nonreview of disputed productions and expedited consideration.

Respectfully submitted,

Mark W. Dobronski

Dated: September 28, 2026

Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
(734) 641-2300
markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## CERTIFICATE OF SERVICE

I certify that on September 28, 2026, I electronically filed the foregoing *Plaintiff's Motion for Protective Order Governing Three NonParty Subpoenas and Request for Expedited Consideration and Interim Relief* with the Clerk of the Court via the Court's CM/ECF filing system, which will send notification of such filing to all counsel of record.

Mark W. Dobronski